IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn Justin Burris, | ) | C/A No.: 2:13-699-GRA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| North Charleston Police Department; | ) | |
| Det. Ware; Det. Sturkie; Det. Terry; | ) | |
| PTL Scott Micheal Thomes; Thomas | ) | |
| Eugene Bennett; SGT Darin Cobb, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Shawn Justin Burris, proceeding *pro se* and *in forma pauperis*, brought this action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights associated with arrests and the prosecution of criminal charges in state court. Defendants Det. Ware, Det. Sturkie, Det. Terry, PTL Scott Micheal Thomes, Thomas Eugene Bennett, and SGT Darin Cobb are detectives or police officers employed by Defendant North Charleston Police Department ("NCPD") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process as to Defendant North Charleston Police Department.[1]

_____

[1] A separately-docketed order directs service of Plaintiff's claims against the remaining

I.      Factual and Procedural Background

Plaintiff, a detainee at the Charleston County Detention Center, filed the instant complaint alleging malicious prosecution, excessive force, false arrest, false imprisonment, defamation, slander, and negligence against the North Charleston Police Department and employees thereof.[2]  [Entry #1 at 2].  Plaintiff alleges that detectives Terry and Ware threatened Plaintiff with arrest in 2009, after he reported a vehicle stolen. *Id.* at 4.  No arrest occurred in 2009, however, Defendant Ware condemned Plaintiff's residence for lack of running water in "late 2010 or early 2011," and Plaintiff believes "Det. Ware had a vendetta or grudge." *Id.* at 4–5.  Between March 17, 2011, and June 29, 2011, Plaintiff "was arrested 3 different times on 4 different felonies carrying a possible sentence of 30 plus years." *Id.* at 5.

Plaintiff alleges that during the first arrest on March 17, 2011, for "property crime enhancement/malicious damage to property Warrant #M610284," an officer used excessive force. *Id.* at 5–6.  Plaintiff claims to have suffered two broken teeth and a dislocated shoulder, which he alleges still requires medical treatment. *Id.* at 6, 15.  An additional charge of marijuana possession on March 17, 2011, did not survive a preliminary hearing. *Id.* at 6.  Plaintiff's next arrest occurred on May 13, 2011, for criminal sexual conduct ("CSC"), third degree. *Id.*  Plaintiff alleges that the detectives

---

Defendants.

[2] The allegations in the complaint cover "the period from August 2009 to June 2011." [Entry #1 at 3].  Plaintiff provides no facts to demonstrate that any of his claims are related to his current detention.

2

named in this action helped prosecute the CSC case with malicious intent and presented false evidence to procure a search warrant "to look for evidence of other crimes of which [Plaintiff] was never charged." *Id.* at 8. Plaintiff claims that the CSC charge caused embarrassment, the loss of his career, and the loss of his home and all possessions. *Id.* at 10. Thus, Plaintiff also alleges claims of defamation and slander associated with the CSC charge. *Id.* Defendants Terry and Surkie allegedly participated in the final arrest and prosecution discussed in the complaint for "property crime enhancement/poss. or receiving stolen goods." *Id.* Plaintiff claims that he entered a guilty plea to the receiving stolen goods charge under duress and received a sentence of thirty days, suspended upon time served. *Id.* at 13. The complaint discusses an agreement with the Solicitor to dismiss felony charges, in exchange for the guilty plea. *Id.* Plaintiff seeks monetary damages. *Id.* at 17.

Plaintiff filed an amended complaint on April 5, 2013, identifying the arresting officer for case #M610284 as PTL Scott Micheal Thomes.[3] [Entry #11 at 1]. Plaintiff further added the "reporting officers" from the CSC case, Thomas Eugene Bennett and SGT Darin Cobb, to this action. *Id.*

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

---

[3] To give liberal construction to the pleadings, Plaintiff's complaint [Entry #1], has been docketed as an attachment to the amended complaint. [Entry #11-1].

administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

4

B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff provides sufficient factual allegations to withstand summary dismissal against all Defendants, except the NCPD, which is not considered an independent entity subject to suit under § 1983.  *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (finding the Denver Police Department not a separate suitable entity); *McNeil v. Rock Hill Police Dept.*, C/A No. 0:12-1933-CMC-SVH, 2012 WL 6863917, at *2 (D.S.C. Dec. 27, 2012), *adopted by* 2013 WL 168050 (D.S.C. Jan. 16, 2013).  Further, it is well-settled that only "persons" may act under color of state law, *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978), and the NCPD is not a person amenable to suit under § 1983.  *See Singleton v. 10 Unidentified U.S. Marshals*, 2011 WL 4970779, C/A No. 2:11-1811-TLW-JDA, at *4 n.9 (D.S.C. Sept. 1, 2011) (collecting cases), *adopted by* 2011 WL 5005271 (D.S.C. Oct. 19, 2011).  Because the NCPD is not a separate entity or a person amenable to suit under § 1983, this defendant should be summarily dismissed from this action.

Moreover, even if a local police department could be considered a proper defendant in this case, the amended complaint provides insufficient factual allegations against the NCPD to state a cognizable § 1983 claim.  To establish municipal liability under § 1983, a plaintiff must demonstrate a violation of his constitutional rights "taken

in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (citing *Monell*, 436 U.S. at 694). The amended complaint in the case *sub judice* fails to identify any municipal policy or custom associated with the events giving rise to this action.  Thus, defendant NCPD is entitled to summary dismissal from this case.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process as to Defendant North Charleston Police Department.

IT IS SO RECOMMENDED.

May 16, 2013                                         Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).