IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Justin Burris, ) | C/A No.: 2:13-699-GRA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| Det. Ware; Det. Sturkie; Det. Terry; ) | |
| PTL Scott Micheal Thomes; Thomas ) | |
| Eugene Bennett; SGT Darin Cobb, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Shawn Justin Burris ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights associated with his arrests and criminal prosecutions in state court. Defendants Det. Ware, Det. Sturkie, Det. Terry, PTL Scott Micheal Thomes, Thomas Eugene Bennett, and SGT Darin Cobb (collectively "Defendants") are detectives or police officers employed by the North Charleston Police Department ("NCPD"). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.).

This matter comes before the court on the following motions: (1) Plaintiff's motions to amend the amended complaint [Entry #27, #42, #52]; (2) Plaintiff's motions for subpoenas [Entry #43, #50, #55]; (3) Plaintiff's motion for reconsideration of the denial of appointment of counsel [Entry #51]; and (4) Plaintiff's motions for extension of time [Entry #53, #56].

I.      Factual Background

Plaintiff asserts causes of action for malicious prosecution, excessive force, false arrest, false imprisonment, defamation, slander, and negligence against Defendants [Entry #11-1 at 2]. Plaintiff alleges that detectives Terry and Ware threatened him with arrest in 2009, after he reported a vehicle stolen. *Id.* at 4. Although he was not arrested in 2009, Plaintiff claims Ware condemned his residence for lack of running water in late 2010 or early 2011, and he believes Ware had "a vendetta or grudge" against him. *Id.* at 4–5. Plaintiff claims that between March 17, 2011, and June 29, 2011, he "was arrested 3 different times on 4 different felonies carrying a possible sentence of 30 plus years." *Id.* at 5.

Plaintiff alleges that an officer used excessive force on him on March 17, 2011, during his arrest for property crime enhancement and malicious damage to property. *Id.* at 5–6. Plaintiff claims he suffered two broken teeth and a dislocated shoulder that still requires medical treatment. *Id.* at 6, 15. Plaintiff was also charged with marijuana possession on March 17, 2011, but the charge did not survive a preliminary hearing due to lack of prosecution. *Id.* at 6.

Plaintiff's next arrest occurred on May 13, 2011, for third-degree criminal sexual conduct ("CSC"). *Id.* Plaintiff alleges that the detectives named in this action helped prosecute the CSC case with malicious intent, and he claims they presented false evidence to procure a search warrant "to look for evidence of other crimes of which [Plaintiff] was never charged." *Id.* at 8. Plaintiff claims that the CSC charge caused

embarrassment, the loss of his career, defamation, and the loss of his home and all his possessions. *Id.* at 10.

Plaintiff claims Det. Terry and Det. Sturkie participated in his subsequent arrest for property crime enhancement/possession or receiving stolen goods and in the prosecution of these charges. *Id.* Plaintiff claims that he entered a guilty plea to the receiving stolen goods charge under duress and received a sentence of thirty days, suspended upon time served. *Id.* at 13. *Id.* Plaintiff seeks monetary damages. *Id.* at 17.

Plaintiff filed an amended complaint on April 5, 2013, identifying the arresting officer for the March 17, 2011 case as PTL Scott Micheal Thomes. [Entry #11 at 1]. Plaintiff further added as defendants the reporting officers from the CSC case, Thomas Eugene Bennett and SGT Darin Cobb. *Id.*

II.     Discussion

  A.     Plaintiff's motions to amend the amended complaint

Plaintiff filed three motions seeking to amend the amended complaint. [Entry #27, #42, #52]. In each of his motions, Plaintiff reiterated many of the allegations of his amended complaint and presented further argument with regard to the prior allegations. *Id*. Additionally, in two of his motions to amend, he seeks to add claims for wrongful conviction, planting and tampering with evidence, perjury, and falsifying statements and affidavits.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party,

3

or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

In the instant case, Plaintiff's proposed amendments are futile. Plaintiff's proposed wrongful conviction claim, even if liberally construed, fails because Plaintiff was convicted as a result of his guilty plea. Before seeking relief pursuant to § 1983 based on alleged wrongful conviction, a plaintiff must show that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994).[1] His motions to amend are also futile to the extent he seeks to assert claims for fabricating or tampering with evidence, perjury, or falsifying statements, as these are criminal in nature and private citizens lack a judicially cognizable interest in the prosecution of another. *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973); *see also Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution"). Finally, reiteration of Plaintiff's allegations and arguments is not appropriate in an amended complaint. *See* Fed. R. Civ. P. 8(a) (requiring

---

[1] The undersigned notes that although habeas corpus relief was unavailable to Plaintiff because his sentence was suspended upon time served, Plaintiff failed to file a direct appeal or an application for post-conviction relief to invalidate his state conviction. *See Burris v. Director of the Charleston County Detention Center*, 2013 WL 1442309, C/A No.: 1:13-698-GRA-SVH (D.S.C. March 28, 2013) (finding the court lacked jurisdiction over Plaintiff's habeas case because he was no longer in custody, but noting that it would have been procedurally barred because Plaintiff had not exhausted his state court remedies). Therefore, Plaintiff has not shown that he is entitled to relaxation of the favorable termination requirement of *Heck*. *See, e.g., Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (finding that *Heck* still applied to bar § 1983 relief to a plaintiff who was habeas-ineligible, but who had failed to directly challenge his conviction).

that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff will have ample opportunity to fully present his allegations and argument in response to summary judgment or at trial in this case. Therefore, Plaintiff's motions to amend the amended complaint [Entry #27, #42, #52] are denied.

      B.      Plaintiff's motions for subpoenas

In his motions for subpoenas, Plaintiff requests 20 subpoena forms to secure witnesses' attendance at trial and 15 forms to secure documents. [Entry #43, #50, #55]. Plaintiff provides no information about whom he plans to subpoena or why they may have relevant information. *Id*. Similarly, Plaintiff has provided no information about the documents he seeks to subpoena nor shown that they are relevant.

Although a subpoena is the proper method for compelling attendance of a witness at trial, there are currently no hearings scheduled in this case. Further, Plaintiff has failed to provide the necessary witness fees and there is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena such as witness fees. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (holding that 28 U.S.C. § 1915(c) does not require government payment of witness fees and costs for indigent plaintiffs in § 1983 suits); *Johnson v. Hubbard*, 698 F.2d 286, 288–91 & nn. 2–5 (6th Cir. 1983) (lower courts have no duty to pay fees to secure depositions in civil, non-habeas corpus cases), *cert. denied*, 464 U.S. 917 (1983).

There are costs associated with subpoenas for documents as well, such as the cost of the copies and the cost of serving the subpoenas. Therefore, because Plaintiff has not demonstrated the subpoenas are relevant to the instant case or tendered the necessary fees for the subpoenas, Plaintiff's motions for subpoenas [Entry #43, #50, #55] are denied at this time with leave to re-file after he has demonstrated the relevance of the requested subpoenas and tendered the necessary witness fees, copy costs, and costs of service.

      C.      Plaintiff's motion to reconsider the denial of appointment of counsel

On July 31, 2013, Plaintiff filed a motion for reconsideration [Entry #51] of the court's June 4, 2013, and July 23, 2013, orders [Entry #28, #48] denying his requests for appointment of counsel. Motions for reconsideration of interlocutory orders are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003). Plaintiff has not identified any of the narrow circumstances appropriate for granting a motion to reconsider. Therefore, the court denies Plaintiff's renewed request for appointment of counsel because, as previously explained, Plaintiff does not have a constitutional right to counsel in a civil case such as this and the court does not find that appointment of counsel is warranted under its discretionary authority.

      D.      Plaintiff's motions for extensions

On August 16, 2013, Plaintiff moved for a stay of the 30-day deadline for responding to Defendants' discovery requests. [Entry #53]. On August 23, 2013, Plaintiff moved for an unspecified extension of the scheduling order. [Entry #56].

In his motion to stay, Plaintiff states that he can respond to discovery after he gets his questions about discovery "resolved." [Entry #53-1]. Plaintiff indicates that he has included a list of questions for the judge, although it is not attached to his motion. Plaintiff is advised that the court cannot provide legal advice. The court grants Plaintiff until October 7, 2013, to respond to Defendants' discovery requests and notes that discovery requests require the responding party to produce only documents in his possession, custody, or control. *See* Fed. R. Civ. P. 34. Additionally, the undersigned grants Plaintiff's motion for an enlargement of time and will issue a second amended scheduling order extending all unexpired deadlines an additional 30 days.

III.    Conclusion

For the foregoing reasons, the undersigned denies the following motions: (1) Plaintiff's motions to amend the amended complaint [Entry #27, #42, #52]; (2) Plaintiff's motions for subpoenas [Entry #43, #50, #55]; and (3) Plaintiff's motion for reconsideration of the denial of appointment of counsel [Entry #51]. Plaintiff's motions for extension of time [Entry #53, #56] are granted to the extent noted above.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 9, 2013                                   Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge