IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Justin Burris, ) | C/A No.: 2:13-699-GRA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| Det. Ware; Det. Sturkie; Det. Terry; ) | |
| PTL Scott Micheal Thomes; Thomas ) | |
| Eugene Bennett; SGT Darin Cobb, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Shawn Justin Burris ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights associated with his arrests and criminal prosecutions in state court. Defendants Det. Ware, Det. Sturkie, Det. Terry, PTL Scott Micheal Thomes, Thomas Eugene Bennett, and SGT Darin Cobb (collectively "Defendants") are detectives or police officers employed by the North Charleston Police Department ("NCPD"). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.).

This matter comes before the court on the following motions: (1) Plaintiff's motion for subpoenas [Entry #63]; (2) Plaintiff's motion to compel [Entry #66]; and (3) Plaintiff's motion for an extension of time [Entry #73].

I.      Factual Background

Plaintiff asserts causes of action for malicious prosecution, excessive force, false arrest, false imprisonment, defamation, slander, and negligence against Defendants

[Entry #11-1 at 2]. Plaintiff alleges that detectives Terry and Ware threatened him with arrest in 2009, after he reported a vehicle had been stolen. *Id.* at 4. Although he was not arrested in 2009, Plaintiff claims Ware condemned his residence for lack of running water in late 2010 or early 2011, and he believes Ware had "a vendetta or grudge" against him. *Id.* at 4–5. Plaintiff claims that between March 17, 2011, and June 29, 2011, he "was arrested 3 different times on 4 different felonies carrying a possible sentence of 30 plus years." *Id.* at 5.

Plaintiff alleges that an officer used excessive force on him on March 17, 2011, during his arrest for property crime enhancement and malicious damage to property. *Id.* at 5–6. Plaintiff claims he suffered two broken teeth and a dislocated shoulder that still requires medical treatment. *Id.* at 6, 15. Plaintiff was also charged with marijuana possession on March 17, 2011, but the charge did not survive a preliminary hearing due to lack of prosecution. *Id.* at 6.

Plaintiff's next arrest occurred on May 13, 2011, for third-degree criminal sexual conduct ("CSC"). *Id.* Plaintiff alleges that the detectives named in this action helped prosecute the CSC case with malicious intent, and he claims they presented false evidence to procure a search warrant "to look for evidence of other crimes of which [Plaintiff] was never charged." *Id.* at 8. Plaintiff claims that the CSC charge caused embarrassment, the loss of his career, defamation, and the loss of his home and all his possessions. *Id.* at 10.

Plaintiff claims Det. Terry and Det. Sturkie participated in his subsequent arrest for property crime enhancement/possession or receiving stolen goods and in the

prosecution of these charges. *Id.* Plaintiff claims that he entered a guilty plea to the receiving stolen goods charge under duress and received a sentence of thirty days, suspended upon time served. *Id.* at 13. *Id.* Plaintiff seeks monetary damages. *Id.* at 17.

Plaintiff filed an amended complaint on April 5, 2013, identifying the arresting officer for the March 17, 2011 case as PTL Scott Micheal Thomes. [Entry #11 at 1]. Plaintiff further added as defendants the reporting officers from the CSC case, Thomas Eugene Bennett and SGT Darin Cobb. *Id.*

II.     Discussion

    A.     Plaintiff's motion for subpoenas

Plaintiff previously submitted three motions for subpoenas requesting 20 subpoena forms to secure witnesses' attendance at trial and 15 forms to secure documents. [Entry #43, #50, #55]. By order dated September 29, 2013, the undersigned denied Plaintiff's order without prejudice because Plaintiff failed to show the ability to tender the required fees or provide any information regarding who he planned to subpoena or why they may have relevant information. [Entry #60]. In his instant motion for subpoenas [Entry #63], Plaintiff lists who he seeks to subpoena for depositions and for documents. However, Plaintiff has failed to show that he can tender the necessary witness fees, costs of copying documents, and payment of a court reporter. Therefore, Plaintiff's instant motion for subpoenas must also be denied without prejudice.

    B.     Plaintiff's motion to compel

In his motion to compel, Plaintiff seeks an order compelling the Legal Affairs Department of the North Charleston Building Department ("NCBD") to more fully

3

respond to a Freedom of Information Act Request initially sent by Plaintiff's counsel in his state-court action. A motion to compel in the instant case is not the proper method for obtaining such information for Plaintiff's underlying state case. *See* Fed. R. Civ. P. 37. Because the NCBD is not a party to this case or a non-party under a proper subpoena, the undersigned does not have jurisdiction over NCBD for the purposes of this action. Therefore, Plaintiff's motion to compel [Entry #66] is denied.

    C.    Plaintiff's motion for an extension

Plaintiff has moved for a 90-day extension of time in which to respond to Defendants' motion for summary judgment. Plaintiff's motion is granted. Plaintiff must respond to Defendants' motion for summary judgment by March 27, 2014.

III.    Conclusion

For the foregoing reasons, the undersigned denies Plaintiff's motion for subpoenas [Entry #63] and Plaintiff's motion to compel [Entry #66]. Plaintiff's motion for a 90-day extension of time in which to respond to Defendants' motion for summary judgment [Entry #73] is granted.

    IT IS SO ORDERED.

*Shiva V. Hodges*

December 12, 2013                        Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge