IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shawn Justin Burris, ) | Civil Action No.: 2:13-cv-0699-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Det. Ware; Det. Sturkie; Det. Terry; ) | |
| PTL Scott Michael Thomes; Thomas ) | |
| Eugene Bennett; and SGT Darin ) | |
| Cobb, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Shawn Justin Burris ("Plaintiff"), proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on March 15, 2013. *See* Compl., ECF No. 1. This matter is before the Court on Plaintiff's objections to an Order of the Magistrate Judge. *See* Text Order, ECF No. 103; Pl's Appeal, ECF No. 105. The Magistrate Judge's Order, *see* ECF No. 103, denied Plaintiff's Motion to Appoint Counsel and Motion for Extension of Time, *see* Mot., ECF No. 102. Plaintiff styles his objections as an "appeal" of the Magistrate Judge's Order.[1]

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 20, 2014, Plaintiff filed a Motion to Appoint Counsel and Motion for Extension of Time, requesting that the Court appoint him counsel "so that Plaintiff may adequately respond to Defendants' reply brief (second memorandum) and prepare for trial." *See* ECF No. 102 at 3.

---

[1] Rule 72 of the Federal Rules of Civil Procedure states that a party may submit objections to a Magistrate Judge's ruling on non-dispositive matters. *See* Fed. R. Civ. P. 72(a). The Court construes Plaintiff's filing as such.

Plaintiff also requests an enlargement of time of forty-five days from when the Court reviews his motion. *See id.*

On June 20, 2014, the Magistrate Judge denied Plaintiff's motion. *See* ECF No. 103. The Magistrate Judge noted that an extension of time was not warranted in light of multiple extensions previously given Plaintiff. *See id.* She explained that Defendants' motion had been pending since November 18, 2013, and Plaintiff had "ample opportunity to file a substantive response." *See id.* She also found that Plaintiff's motion to appoint counsel was without merit. *See id.* Plaintiff had previously moved to appoint counsel on June 3rd, 2013, *see* Mot., ECF No. 26, which the Court denied, finding that Plaintiff failed to show exceptional or unusual circumstances which would warrant appointing counsel, *see* Order, ECF No. 28 at 1. Plaintiff again moved to appoint counsel on July 19, 2013, *see* Mot., ECF No. 45, which the Court again denied, finding that Plaintiff still had not shown exceptional or unusual circumstances which would warrant appointing counsel, *see* Text Order, ECF No. 48. In denying Plaintiff's most recent motion, the Magistrate Judge found that, yet again, Plaintiff had not shown exceptional or unusual circumstances which would justify appointing counsel. *See* ECF No. 103. Plaintiff objects to these rulings of the Magistrate Judge.

## APPLICABLE LAW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a Magistrate Judge's order is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.*

Only if a Magistrate Judge's decision is "clearly erroneous or contrary to law" may a District Judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985).  "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011).  "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a [M]agistrate [J]udge's determination if this discretion is abused." *Weber v. Jones*, No. 8:12-3349-TMC, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014) (quoting *Shoop v. Hott*, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010)).

## DISCUSSION

As previously noted, the Magistrate Judge found that Plaintiff had not shown exceptional or unusual circumstances which would warrant appointment of counsel.  There is no constitutional right to have counsel appointed in a civil case.  *See McMillian v. Wake Cnty. Sheriff's Dept.*, 399 Fed. App'x 824, 829 (4th Cir. 2010).  Nevertheless, the Court has discretion to appoint counsel for an indigent in a civil action.  28 U.S.C. § 1915(e); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). The Court, however, may appoint counsel in § 1983 cases only when *exceptional* circumstances exist.  *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  The Fourth Circuit has stated that the existence of exceptional circumstances will "turn[] on the complexity of a party's claims and his ability to present them."  *Goodman v. Johnson,* 524 Fed. App'x 887, 891 (4th Cir. 2013) (citing *Whisenant*, 739 F.2d at 163).

After a review of the pleadings and Plaintiff's various filings, the Court finds no issue with the Magistrate Judge's determination that Plaintiff has not shown exceptional circumstances which

3

reflect a need to have counsel appointed. The case itself does not appear atypically complex, and Plaintiff has shown to be able to adequately represent his interests up to this juncture in the lawsuit. Plaintiff's participation in this case has been extensive, and his filings are lengthy and relevant. In any event, the Court notes that Plaintiff largely bases his argument on the assertion that he has presented sufficient evidence to survive summary judgment, and claims that he especially needs counsel to assist in preparing for trial. Defendants' dispositive motion, however, has not been addressed by the Court at this juncture. Plaintiff has not yet survived summary judgment, and therefore there is no guarantee of a trial.[2] As a result, Plaintiff's claims that he needs help in preparing for trial are premature. Accordingly, after thorough review of the record, the Court finds no abuse of discretion by the Magistrate Judge. *See Weber*, 2014 WL 1094418, at *1. The Magistrate Judge's ruling denying the motion to appoint counsel was not clearly erroneous or contrary to law.

Plaintiff also seeks an extension of time in which to respond to Defendants' motion for summary judgment. The Court notes that Defendants' motion was filed on November 19, 2013. *See* Mot. for Summ. J., ECF No. 67. Because this is a dispositive motion, the Court issued an Order informing Plaintiff of the importance of a summary judgment motion and his need to file a response. *See* Order, ECF No. 68. This Order specified that a response was due within thirty-four days, which set the deadline to respond for December 27, 2013. Plaintiff requested a ninety-day extension of time on December 6, 2013, *see* ECF No. 73, which the Court granted, *see* ECF No. 74 at 4. This moved the deadline to respond back to March 27, 2014. Plaintiff then moved to stay the deadline to respond on February 4, 2014, *see* ECF No. 78, but the Court denied this motion and informed Plaintiff that the deadline to respond remained March 27, 2014, *see* ECF No. 79. Plaintiff

---

[2] The Court offers no opinion on the merits of Defendants' motion. The Court simply notes that the disposition of Defendants' motion is uncertain at this juncture.

again moved for an extension of time to respond on March 3, 2014, *see* ECF No. 84, but the Court also denied this motion and again warned Plaintiff that the deadline to respond was still March 27, 2014, *see* ECF No. 84. Plaintiff filed another motion to stay the deadline on March 10, 2014, *see* ECF No. 87, which the Court granted, *see* ECF No. 88. This moved the deadline to respond to Defendants' motion back to May 12, 2014. *See id.* Plaintiff filed yet another motion to stay on March 24, 2014, *see* ECF No. 91, which the Court denied as moot, *see* ECF No. 92. In the order denying this motion, the Court explained that the deadline to respond remained May 24, 2014.

Plaintiff timely filed his response in opposition to summary judgment on May 14, 2014. This filing consisted of nearly 100 pages of argument and supporting documents. *See* ECF No. 95. Defendants replied on June 10, 2014. Plaintiff then made the present motion for an extension, *see* ECF No. 102 at 3, which the Magistrate Judge denied based on the extensions previously granted, *see* ECF No. 103. The Court agrees with the Magistrate Judge that, to the extent Plaintiff seeks to further respond to Defendant's motion, an extension is unwarranted. Plaintiff had over six months in which to file a response, and his May 14, 2014 response appears to be more than adequate. Moreover, to the extent this can be construed as a request to file a sur-reply, the Court also finds that an extension of time is unwarranted. The District of South Carolina local rules specify that "replies to responses are discouraged." DSC Local Rule 7.07. The Court notes that not only are sur-replies even more discouraged, but they are also typically unnecessary. This matter has been fully briefed and any surreply is unwarranted. After thorough review of the record, the Court again finds no abuse of discretion by the Magistrate Judge. *See Weber*, 2014 WL 1094418, at *1. The Magistrate Judge's ruling denying the motion for an extension of time was not clearly erroneous or contrary to law.

## CONCLUSION

Based on the foregoing, Plaintiff's objections to the Magistrate Judge's order denying his motion to appoint counsel and motion for extension of time are without merit. Accordingly, the Order, ECF No. 103, is **AFFIRMED**.

**IT IS SO ORDERED.**

                                         s/ R. Bryan Harwell
                                         R. Bryan Harwell
                                         United States District Judge

Florence, South Carolina
July 3, 2014