IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Shawn Justin Burris, | ) | Civil Action No.: 2:13-cv-699-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Det. Ware; Det. Sturkie; Det. Terry; Ptl. | ) | |
| Scott Micheal Thomes; Thomas Eugene | ) | |
| Bennett; and Sgt. Darin Cobb, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Shawn Justin Burris ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Det. Ware; Det. Sturkie; Det. Terry; Ptl. Scott Micheal Thomes; Thomas Eugene Bennett; and Sgt. Darin Cobb ("Defendants") on March 15, 2014.[1]  *See* Am. Compl., ECF No. 11-1.  On November 19, 2013, Defendants filed a motion for summary judgment.  *See* Defs.' Mot., ECF No. 67.  After requesting and receiving several extensions, Plaintiff responded to Defendants' motion on May 14, 2014, *see* ECF No. 95, and Defendants replied on June 10, 2014, *see* ECF No. 100.  Plaintiff filed a sur-reply on July 7, 2014. *See* ECF No. 108.

Plaintiff also filed a motion for summary judgment on February 4, 2014.  *See* ECF No. 77. Defendants responded on February 20, 2014, *see* ECF No. 81, and Plaintiff replied on February 27, 2014, *see* ECF No. 82.  Both motions are now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[2]  *See* R & R, ECF

---

[1] The North Charleston Police Department was also named as a Defendant, but was previously dismissed by the Court.  *See* Order, ECF No. 36.
[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

No. 109.  In her R & R, the Magistrate Judge recommends the Court deny Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment.  *See id.* at 17.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Id.*  Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the burden of proving that summary judgment is

appropriate.  Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party.  *Id.*  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact."  *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact."  *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).  Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial."  *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992).  The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *See id.*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995).  Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial.  *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). The nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply

3

at a trial on the merits."  *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

## FACTUAL BACKGROUND

The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's Report and Recommendation.  *See* ECF No. 109 at 2–3.  Briefly stated, Plaintiff's complaint alleges malicious prosecution, excessive force, false arrest, and defamation arising out of investigations, arrests, and prosecutions that occurred between August 2009 and June 2011.  *See* ECF No. 11-1 at 2–3.

## DISCUSSION

### I.    R & R and Objections

In the R & R, the Magistrate Judge first recommends the Court deny Plaintiff's motion for summary judgment.  *See* ECF No. 109 at 4–5.  The Magistrate Judge then recommends the Court grant Defendants' motion for summary judgment.  *See id.* at 17.  Plaintiff timely filed objections to the R & R, and later filed a document styled "Attachment of Declaration for Plaintiff's Objection to Report and Recommendation Requesting Declaration as Matter for the Record" ("Declaration")  *See* ECF No. 115.  In his objections, Plaintiff first asserts that he objects to the R & R in its entirety.[3]  *See* ECF No. 109.  Plaintiff then set forth his specific objections to the findings in the R

---

[3] More specifically, Plaintiff notes that he "must object to this Report and Recommendation, in its entirety."  *See* ECF No. 111 at 1.  He claims that the Magistrate Judge has shown indifference to the facts, as well as bias and prejudice in favor of Defendants.  *See id.*  The Court finds these claims to be without merit.  A full review of the record does not reveal any misrepresentation of the facts by the Magistrate Judge or any bias in Defendants' favor.
    Plaintiff also generally objects by claiming that he is being denied due process due to Defendants' false statements, fabrication of evidence, and withholding or destroying of evidence.  Again, a full review of the record demonstrates these assertions are devoid of merit.  Plaintiff's own self-serving opinion that Defendants' evidence is defective or fabricated "cannot, absent objective corroboration, defeat summary judgment."  *Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004).  Plaintiff has provided no evidence to support such a claim.

4

& R.  *See generally id.*  The Court will address the Magistrate Judge's findings, and Plaintiff's objections, in the same format that the R & R addressed them.

## II.    Plaintiff's Motion

The Magistrate Judge first recommends that Plaintiff's motion for summary judgment be denied.  *See* ECF No. 109 at 4–5.  Plaintiff did not object to this recommendation, aside from a general assertion that he was prejudiced by Defendants' untimely responses to the discovery he served.  *See* ECF No. 111 at 3.  Plaintiff argues that he suffered prejudice and "at the least, Defendants' motion for summary judgment should be denied."  *See id.*  As the Magistrate Judge noted, Plaintiff's discovery requests were untimely.  *See* ECF No. 109 at 4.  However, even despite their untimeliness, Defendants provided responses, albeit beyond the thirty days allotted to respond due to the extensiveness of the discovery.  *See id.* at 4–5.  Based on the fact that the discovery requests were noe timely served in the first place, the Court agrees with the Magistrate Judge that Plaintiff is not entitled to summary judgment due to Defendants' delayed response.

## III.    Defendants' Motion

### 1.  Statute of Limitations

The Magistrate Judge then turned to Defendants' motion, and began by addressing Defendants' statute of limitations argument.  She found that Plaintiff's claims arising out of an incident that occurred in October of 2009 were barred by the three year statute of limitations the District of South Carolina applies for § 1983 actions.  *See* ECF No. 109 at 5 (citing S.C. Code Ann. § 15-3-530(5); *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)).

Plaintiff objects, arguing that the statute of limitations should be tolled because he was not arrested for the 2009 incident until March 17, 2011.  *See* ECF No. 111 at 3–4.  Plaintiff asserts that his March 17, 2011 arrest relates back to the Defendants Terry and Ware's purported threats to

"get" Plaintiff back in October of 2009. *See id.* at 4; ECF No. 11-1 at 4. He also argues that the

jail's limited resources prevented him from diligently pursuing his rights. *See* ECF No. 111 at 4.

Plaintiff next claims that because Defendants committed "criminal acts" in violation of his

constitutional rights, there is no statute of limitations. *See id.* Finally, he asserts that there is an

ongoing criminal conspiracy and that Defendants conspired against him from the time of the 2009

events until he was arrested in 2011. *See id.* at 4–5. Plaintiff claims that the statute of limitations

"should not accrue on an ongoing criminal enterprise." *See id.*

The Court finds that Plaintiff's objections are without merit. Plaintiff admitted in his

complaint that he was not arrested for the 2009 incident. *See* ECF No. 11-1 at 4. However,

Plaintiff asserted that Defendants Terry and Ware threatened him with arrest in October of 2009

after he reported a vehicle stolen. *See id.* The Court agrees with the Magistrate Judge that this does

not appear to state a valid claim and, even if it did, a person of reasonable diligence would have

been aware of the claim in 2009, which is when the purported threat was made directly to Plaintiff.

Plaintiff has provided no evidence indicating that his arrest on March 17, 2011 had any connection

to the events that took place in 2009. Accordingly, equitable tolling is not warranted. *See Angles v.*

*Dollar Tree Stores, Inc.*, 494 Fed. App'x 326, 332 (4th Cir. 2012) (noting that equitable tolling is "a

narrow exception to statutes of limitations and is appropriate 'where the defendant has wrongfully

deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" (quoting

*English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987))).

Plaintiff's remaining objections are also without merit. Plaintiff has provided no evidence to

support his allegations of an ongoing criminal conspiracy against him. Moreover, his argument that

his incarceration prohibited him from diligently exercising his rights is not sufficient to meet the

6

standard for equitable tolling. *See Angles,* 494 Fed. App'x at 332. Accordingly, summary judgment is appropriate with regard to Plaintiff's claims related to the 2009 incident.

## 2. Invasion of Privacy

The Magistrate Judge then turned to Plaintiff's invasion of privacy claim. Plaintiff asserted that Defendants Terry and Ware came to his home after his cousin was arrested and threatened him. *See* ECF No. 11-1 at 4; ECF No. 95 at 8. The Magistrate Judge found that Plaintiff failed to state a valid claim for violation of due process, *see* ECF No. 109 at 6–7, as "[t]here is no general constitutional right to privacy," *Edwards v. City of Goldsboro*, 178 F.3d 231, 252 (4th Cir. 1999). Moreover, verbal confrontations, accusations, or threats, without more, are not actionable under § 1983. *See Wilson v. McKeller*, 254 Fed. App'x 960, 961 (4th Cir. 2007); *Ajaj v. United States*, 479 F. Supp. 2d 501, 538 n.16 (D.S.C. 2007).

Plaintiff objects to this determination, arguing that the Magistrate Judge did not liberally construe his complaint and that it is wrong for governmental officers to make threats with or without probable cause. *See* ECF No. 111 at 5. Plaintiff argues that the case law cited by the Magistrate Judge to support her analysis is not relevant to this case. *See id.* at 6. Moreover, he asserts that Defendants did more than threaten him, as they "did not stop until Plaintiff was arrested." *See id.* Plaintiff also continued to reiterate his claims that Defendants are involved in a conspiracy and maliciously persecuted him. *See id.* at 7.

The Court finds Plaintiff's objections to be without merit. Plaintiff's arguments are contrary to the principles set forth in the cases cited above and by the Magistrate Judge. Plaintiff's attempts to distinguish the authority relied on by the Magistrate Judge are unavailing. Plaintiff continues to allege that the Defendants engaged in a conspiracy against him in order to have him convicted of a crime, but this is insufficient to create an issue of fact with regard to an invasion of privacy. As the

Magistrate Judge explained, § 1983 does not support a claim for a violation of a general right to privacy.  *See Edwards* 178 F.3d at 252.  Accordingly, Defendants are also entitled to summary judgment on this claim.

### 3.  Preclusion Based on *Heck v. Humphrey*

The Magistrate Judge proceeded to Plaintiff's claims that he was falsely arrested on June 28, 2011, and that he entered an involuntary guilty plea due to the duress of being falsely imprisoned. *See* ECF No. 95 at 3–4.  The Magistrate Judge found that Plaintiff could not challenge this arrest because he failed to show that he received a favorable termination of the June 28, 2011 charge as required by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Plaintiff objects to this recommendation, arguing that he is being denied access to habeas relief.  *See* ECF No. 111 at 7.  He also asserts that the Charleston County Solicitor's Office is under investigation for violating due process, that they seized him on charges they knew they could not charge him with, and that they used threats to extort a guilty plea from him.  *See id.* at 7–8.  In his Declaration, Plaintiff further argues that *Heck* should not apply because the Magistrate's Court and General Sessions court did not have jurisdiction to enter judgment against him due to an abuse of process.  *See* ECF No. 115 at 2.

Plaintiff's arguments are not sufficient to circumvent *Heck*.  Plaintiff has not shown a favorable termination of the June 28, 2011 arrest.  Moreover, Plaintiff has not provided any evidence demonstrating that the state court was without jurisdiction to enter judgment against him. Accordingly, summary judgment is appropriate with regard to any constitutional violation stemming from that arrest.

#### 4.  Illegal Seizure and Improper Condemnation

The R & R then turned to Plaintiff's assertion that Defendant Ware sought to search Plaintiff's home and, after Plaintiff denied him entry, condemned it for lack of running water.  *See* ECF No. 11-1 at 4.  The Magistrate Judge determined that Plaintiff failed to establish a genuine issue of fact with regard to his illegal seizure claim, as the evidence showed that Plaintiff was able to enter and exit his home at will, close and lock his door, and leave his home after conversations with the officers concluded.  *See* ECF No. 109 at 9.  Moreover, the Magistrate Judge noted that Plaintiff provided no evidence that his home had running water and was in compliance with local ordinances.  *See id.*  Thus, she recommended the Court grant summary judgment on Plaintiff's illegal seizure and improper condemnation claims.  *See id.*

Plaintiff also objects to this recommendation, first arguing that Defendants "searched" his home when they flashed their flashlights into the home.  *See* ECF No. 111 at 8.  He also contended that he tried on several occasions to terminate the encounter.  *See* ECF No. 111 at 8.  He asks "[w]as Plaintiff supposed to leave his own home, or try to, in order to terminate the encounter?"  *See id.* He then asserts that the Defendants have committed fraud upon the Court, and submitted false incident reports and affidavits in an effort to avoid liability.  *See id.*  Finally, Plaintiff argues that he never told the officers that his home lacked running water, and he asserts that the officers condemned it in retaliation for him not letting them in his home.  *See id.* at 9.

Again, Plaintiff has pointed to no evidence, aside from his own self-serving allegations, which would support his dubious claims that Defendants have committed fraud on this Court. Moreover, the evidence in the record supports the fact that Plaintiff could indeed have terminated the encounter by leaving his home if he no longer wished to speak to the police.  *See* Aff. of Detective Ware, ECF No. 67-2 at 3–7.  As the Magistrate Judge explained, a seizure occurs when an

officer restrains a person's freedom of movement such that a reasonable person would not feel free to terminate the encounter. *See United States v. Watkins*, 378 Fed. App'x 328, 329 (4th Cir. 2010). The Court finds that Plaintiff has not presented sufficient evidence to establish a genuine issue of fact with regard to whether he was illegally seized. Finally, while Plaintiff argues that he did not admit to the officers that his home lacked running water, he has provided no other evidence indicating that the home did in fact have running water. Accordingly, the Court agrees with the Magistrate Judge that summary judgment is also appropriate on the illegal seizure and improper condemnation claims.

### 5.  False Arrest and Negligent Investigation

The Magistrate Judge then turned to Plaintiff's false arrest and negligent investigation claims arising out of Plaintiff's March 17, 2011 and May 13, 2011 arrests. Plaintiff asserted that he was illegally arrested on March 17, 2011 and falsely charged with malicious damage to property and possession of marijuana. *See* ECF No. 11-1 at 5–6. He argued that Defendant Thomes' investigation was inadequate and ignored facts showing he was innocent. *See* ECF No. 95 at 19–20. The Magistrate Judge, however, determined that the totality of the circumstances within the arresting officer's knowledge were sufficient to warrant a reasonable person to believe Plaintiff committed the offense for which he was arrested. *See* ECF No. 109 at 11.

Plaintiff also argued that he was improperly arrested for Criminal Sexual Conduct ("CSC") on May 13, 2011, and that the arrest was only used to establish probable cause to search his home. *See* ECF No. 11-1 at 6–8. The Magistrate Judge, however, determined that Defendants had probable cause to arrest plaintiff for CSC because the victim told police she was raped and went to the hospital to have a rape kit performed, and Plaintiff admitted to having sex with her (although he asserted it was consensual). *See* ECF No. 109 at 12. As the Magistrate Judge explained, the

relevant inquiry is whether there was probable cause, meaning whether, at the time of arrest, officers reasonably believed that an offense had been or was being committed. *See Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002). To show an absence of probable cause, Plaintiff "must allege a set of facts which made it unjustifiable for a reasonable officer to conclude that []he was violating the [law]." *Id.* Moreover, the Magistrate Judge also explained that Plaintiff's allegations that the officers inadequately investigated the accuser's claims do not state a constitutional violation. *See Goodwyn v. Kincheloe*, 803 F.2d 713 (4th Cir. 1986) (unpublished table decision) (holding that a police officer's negligent investigation does not rise to the level of a constitutional violation); *McClurkin v. Byer*, No. 2:13-1507-RMG, 2013 WL 3746027, at *6 (D.S.C. July 15, 2013) ("[T]his District Court and other courts which have addressed the issue have found that there is no cause of action for negligent investigation under § 1983 on the basis that deliberate acts are required."). Therefore, she recommends the Court grants summary judgment on the false arrest and negligent investigation claims.

Plaintiff also objects to this portion of the R & R. Plaintiff asserts that "Officer Thomes created a set of circumstances to make probable cause." *See* ECF No. 111 at 9. He argues that Officer Thomes perjured himself, concealed evidence that would help establish proof of Plaintiff's innocence, and falsified documents. *See id.* at 10–11. Plaintiff then argues that the *Heck* favorable termination rule does not prohibit this claim, as he argues he maintained his innocence of the charges throughout the process and his guilty plea was involuntary. *See id.* at 11–12. He asserts that he only pled guilty in order to be released from jail. *See id.* at 12. Plaintiff contends the police did not investigate his claims and that the solicitor maliciously prosecuted him. *See id.* at 13. Furthermore, in his Declaration, Plaintiff argues that a mere statement is not sufficient to establish

11

probable cause for an arrest.  *See* ECF No. 115 at 3.  Plaintiff asserts that an investigation should be required before an arrest is made.  *See id.*

The Court reiterates that inadequate investigation does not state a constitutional violation. *See supra*.  Therefore, Plaintiff's arguments regarding the purported deficiencies in Defendants' investigation are without merit.  With regard to the false arrest claim, as the Magistrate Judge explained, the key inquiry is whether the officers reasonably believed, at the time of arrest, that Plaintiff had been or was committing an offense.  *See Brown*, 278 F.3d at 367–68.  Defendants submitted ample evidence supporting probable cause for arresting Plaintiff for CSC.  *See* Aff. of Thomas Bennett, ECF No.67-4 at ¶¶ 5–10.  Plaintiff, however, has failed to present sufficient evidence to establish that he was not involved in the offense.  As the Magistrate Judge explained, the evidence presented by Defendants was certainly sufficient to show that the officers had probable cause to arrest Plaintiff for CSC.

The Magistrate Judge also found that any claims asserted against Det. Sgt. C. Johnson were not properly before the Court because he is not a Defendant.  *See* ECF No. 109 at 13.  Plaintiff also objected to this determination, arguing that Johnson should be joined in this lawsuit, as he abused process and was the final decision maker for the North Charleston Police Department.  *See* ECF No. 111 at 14.  Plaintiff argues that there would be no prejudice because it would relate back and conforms to the evidence.  *See id.*  In his objections, Plaintiff also asserts that Det. Michael Aiken should be joined as a Defendant, as he claims that Aiken intentionally entered false photo evidence and took the victim statement's statement at the scene.  *See id.*  He argues that Aiken was aware that the victim told conflicting stories, but that Aiken did nothing to stop the "false charge."  *See id.*

The Court notes that this case has been pending since March 15, 2013.  Plaintiff moved to join Johnson and Aiken nearly a year and a half into this litigation, after the Magistrate Judge

12

pointed out that Johnson was not a Defendant and Plaintiff's allegations therefore fail to state a claim against him. The Court finds that joinder of these parties at such a late juncture would be inappropriate as it would most certainly prejudice Defendants. This matter has already been briefed on cross motions for summary judgment. Accordingly, Plaintiff's request is denied.

### 6. Excessive Force

The Magistrate Judge addressed Plaintiff's excessive force claim next. This claim also relates to the March 17, 2011 arrest, as Plaintiff asserts that Officer Thomes used excessive force in the course of apprehending him. *See* ECF No. 11-1 at 6. The test for excessive force in the arrest context requires "balancing the nature and quality of the intrusion on the individual Fourth Amendment interests against the importance of the government's interest alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). As the Fourth Circuit has explained, "[a] claim that an officer used excessive force during an apprehension or arrest is 'analyzed under the Fourth Amendment and its reasonableness standard'—that is, the use of force is not excessive if the officer's actions are 'objectively reasonable' under the circumstances." *Littleton v. Swonger*, 502 Fed. App'x 271, 274 (4th Cir. 2012) (quoting *Graham v. Connor*, 490 U.S. 386 (1989)). "The force used by an officer is not excessive if the officer's 'actions are objectively reasonable in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation.'" *Gandy v. Robey*, 520 Fed. App'x 134, 140 (4th Cir. 2013) (citing *Graham*, 490 U.S. at 397). "To gauge objective reasonableness, a court examines only the actions at issue and measures them against what a reasonable police officer would do under the circumstances." *Id.* (quoting *Rowland v. Perry*, 41 F.3d 167, 172 (4th Cir. 1994)). The objective reasonableness test requires attention to several factors including the severity of the crime, whether the suspect poses an immediate threat to the safety of the officers or others, whether he is actively resisting arrest or attempting to evade

arrest by flight, and the extent of Plaintiff's injury. *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003) (citing *Graham*, 490 U.S. at 496).

Furthermore, even where a constitutional violation may have occurred, civil liability does not automatically attach. Rather, "[g]overnment officials are entitled to qualified immunity as a matter of law so long as they have not violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gandy*, 520 Fed. App'x at 140 (quoting *Harlow*, 457 U.S. at 818). "In other words, courts ask 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). Qualified immunity extends to government officials' objectively reasonable mistakes, "regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Finally, "the immunity inquiry must be filtered through the lens of the officer's perceptions at the time of the incident in question." *Gandy*, 520 Fed. App'x at 140 (quoting *Rowland*, 41 F.3d at 173).

The Magistrate Judge determined that Plaintiff failed to show Officer Thomes used excessive force. *See* ECF No. 109 at 15. Thus, she recommends the Court grant summary judgment in favor of Defendants on Plaintiff's excessive force claim as well. *See id.*

Plaintiff objects, asserting that the force used by Officer Thomes was not reasonable and was in fact malicious or sadistic. *See* ECF No. 111 at 15. He argues that he was handcuffed and that there was no mention of resistance once he was handcuffed. *See id.* He asserts that significant damage was done, and that his shoulder suffered a tremendous amount of damage. *See id.* Plaintiff reasons that significant damage can only be done where force was maliciously and sadistically applied, as there is "no other logical conclusion." *See id.* He argues that he was never offered

14

medical treatment and that the mere fact that jail documentation was lacking was not a reason to deny the claim. *See id.* at 16. Plaintiff reiterates his argument that Officer Thomes acted maliciously in his Declaration, asserting that Thomes's falsification of reports, destruction and fabrication of evidence, and creation of a crime shows malice. *See* ECF No. 115 at 5. Plaintiff asserts in his Declaration that he has had to undergo surgery and that he is disabled as a result of Officer Thomes's use of force. *See id.*

The Court agrees with Defendant and the Magistrate Judge that Plaintiff has failed to establish a claim for excessive force during the course of the arrest. Defendants provided evidence that Officer Thomes began chasing Plaintiff—who was fleeing the scene—after witnesses flagged him down and informed him that Plaintiff had been tearing wiring off of an air conditioner. *See* Aff. of Scott Thomes, ECF No. 67-3 at ¶¶ 5–7. Officer Thomes did not know if Plaintiff was armed and was concerned for the safety of innocent bystanders. *See id.* at ¶ 9. Once he caught up with Plaintiff, he tackled him and arrested him. *See id.* at ¶ 10. The Court finds that, based on this testimony, the force used by Officer Thomes was objectively reasonable under the circumstances. Plaintiff himself admits that he was involved in an altercation immediately prior to being arrested,[4] and asserts that he was running towards Officer Thomes. *See* ECF No. 11-1 at 5. Officer Thomes's use of force in tackling Plaintiff was certainly reasonable in light of the uncertainty surrounding the situation, particularly the safety concerns. In any event, the Court notes that Officer Thomes would be entitled to qualified immunity. It would not have been clear to a reasonable officer that tackling a fleeing suspect constituted unlawful conduct under the circumstances. *Cf. Hart v. Rogers*, 149 F.3d 1168 (Table), 1998 WL 340374, at *1 (4th Cir. June 16, 1998) ("Even assuming Rogers

---

[4] The Court takes the opportunity to note that Plaintiff readily admits he was involved in a "physical altercation" with two individuals. *See* ECF No. 11-1 at 5. It is unclear how much of Plaintiff's purported injuries could be attributed to this incident.

15

intentionally threw Hart to the ground, we find that a reasonable officer in Rogers' position might find it necessary to tackle such a suspect.").

The Court also finds that Plaintiff has failed to establish an excessive force claim regarding his purported shoulder injury, which he claims occurred when "once handcuffed [Officer Thomes] jerked me up by the cuffs." *See* ECF No. 11-1 at 5.  He asserts that this dislocated his shoulder and hurt his rotator cuff. *See id.*  The Court also finds that application of this force was objectively reasonable under the circumstances.  There were still safety concerns once Plaintiff was on the ground, as Officer Thomes did not know if Plaintiff had a weapon or if Plaintiff was injured. Therefore, it was reasonable for Officer Thomes to try and get Plaintiff off the ground and into his patrol car.  Moreover, the Court finds that qualified immunity would also shield Officer Thomes here, as his behavior was objectively reasonable under the clearly established law of this circuit. *See Hill*, 727 F.3d at 321.  Accordingly, Defendants are entitled to summary judgment on the excessive force claim as well.

### 7.  State Law Claims

Finally, the Magistrate Judge examined Plaintiff's claim that Defendants defamed him when they charged him with CSC and this charge was aired on television and published in the newspaper. *See* ECF No. 11-1 at 15.  The Magistrate Judge noted that to state a cause of action for defamation under South Carolina law, Plaintiff must show that the statement was: (1) defamatory; (2) published with actual or implied malice; (3) false; (4) published by the Defendants; (5) that it concerned the Plaintiff; and (6) that it resulted in legally presumed or special damages.  *Parker v. Evening Post Pub.*, 452 S.E.2d 640, 644 (S.C. Ct. App. 1994).  The Magistrate Judge found that any alleged communication by Defendants was subject to qualified privilege, as contents of governmental

16

records do not give rise to liability for slander or libel under South Carolina law.  *See Padgett v. Sun News*, 292 S.E.2d 30, 32–33 (S.C. 1982).

Plaintiff objects, arguing that privilege is destroyed where actual malice is shown.  *See Constant v. Spartanburg Steel Products, Inc.*, 447 S.E.2d 194, 196 (S.C. 1994) ("One publishing under a qualified privilege is liable upon the proof of actual malice."). Plaintiff argues that actual malice has been shown due to Defendants' failure to investigate, abuse of process, creating crimes, and falsifying reports.  *See* ECF No. 111 at 15–16.  He reiterates his claims that Defendants acted maliciously in his Declaration.  *See* ECF No. 115 at 3–4.  Plaintiff also reasserts his argument that Defendants pursued the offense with malice and thus there should be no privilege.  *See id.* at 5.

This Court has discretion concerning whether to retain supplemental jurisdiction over state law claims after dismissal of the federal claims.  *See* 28 U.S.C. § 1367(c)(3) ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").  As the Fourth Circuit has recognized, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."  *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  Although the Magistrate Judge recommended the Court grant Defendants' motion as to Plaintiff's state law claims, the Court finds that declining to exercise supplemental jurisdiction over those claims is the appropriate course of action.  Therefore, the R & R is modified to remove the analysis on Plaintiff's state law claims.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

The Court has thoroughly reviewed the entire record.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R, as modified.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for summary judgment, ECF No. 77, is **DENIED**.  **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment, ECF No. 67, is **GRANTED IN PART.**  Defendant's motion is **GRANTED** as to Plaintiff's federal law claims, but the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Accordingly, Plaintiff's federal law claims are **DISMISSED** *with prejudice* and his state law claims are **DISMISSED** *without prejudice*.  Plaintiff's Motion for Compulsory Joinder, ECF No. 112, and Motion for Compulsory Joinder, ECF No. 114, are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
September 25, 2014

18